UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRY L. GIALTO v. GEORGE W. BUSH, et al.,          5:06-CV-1316 (FJS/GJD)
_____

TERRY L. GIALTO, Plaintiff pro se
CHARLES E. ROBERTS, Assistant U.S. Attorney for Defendants

## MEMORANDUM DECISION and ORDER

This matter has been referred to me for all further proceedings, including the entry of a final judgment pursuant to 28 U.S.C § 636(c), the consent of the parties, and the order of Senior United States District Judge Frederick J. Scullin, Jr., dated February 20, 2007. (Dkt. No. 11). Presently before the court is the defendants' motion for a more definite statement pursuant to FED. R. CIV. P. 12(e). (Dkt. No. 8). Plaintiff has responded in opposition to defendants' motion. (Dkt. No. 9).

The court notes that although defendants made a motion for a more definite statement, which under the rules would contemplate plaintiff filing an amended complaint, the motion actually asks for dismissal at the end of the memorandum of law, rather than asking the court to order plaintiff to file an amended complaint as an alternative to dismissal. (Dkt. No. 8 at p.3). Regardless of the label that defendants have placed on their motion, this court agrees that this complaint should be dismissed *without the opportunity to amend*.

## DISCUSSION

**1.** **Motion for a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides that if a pleading to

which a responsive pleading is permitted is so vague or ambiguous that the party cannot reasonably be required to formulate a response, the party may move for a more definite statement before filing the responsive pleading. FED. R. CIV. P. 12(e). Rule 12(e) is designed to "remedy unintelligible pleadings." *Columbia Ins. Co. v. Brown Shoe Co.*, 233 F.R.D. 250, 251 (D. Conn. 2005)(citation omitted).

In order to grant a motion under Rule 12(e), the court must find that the complaint does not comply with the requirement under Rule 8 of a "short and plain statement" of the claim. *Id.* Motions under Rule 12(e) are generally disfavored and are not intended as a substitute for the "normal discovery process." *Id.* (quoting *Allstate Ins. Co. v. Seigel*, 312 F. Supp. 2d 260, 277 (D. Conn. 2004))(internal quotation marks omitted). When a motion for a more definite statement is brought, it must contain a statement of the defects of which the party complains and of the details desired. FED. R. CIV. P. 12(e).

Rule 8 of the Federal Rules provides that a pleading that sets forth a claim for relief shall include a "short and plain" statement of the claim, showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). A "short and plain" statement is sufficient as long as it puts the defendant on notice of the plaintiff's claims against that defendant. *Id. See Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005)(discussing Rules 8 and 10 and *sua sponte* dismissal). Pro se pleadings must be "construed liberally" and should not be dismissed unless it is "'clear that the plaintiff would not be entitled to relief under any set of facts that could be proven consistent with the allegations.'" *Id.* (citing *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)).

2

In *Phillips*, the Second Circuit specifically stated that the court will overlook "technical pleading irregularities" and "harmless" violations of Rule 10, which requires a complaint to contain separate, numbered paragraphs for each statement. *Id.* at 128.  The court will overlook these violations "as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." *Id.* (citing *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004); *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986)).

Notwithstanding this policy of liberality, the court has the discretion to dismiss frivolous claims, whether or not the plaintiff is proceeding *in forma pauperis*. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)(district court had the power to dismiss an action *sua sponte* notwithstanding payment of the filing fee).  In deciding whether an action is frivolous, the court must determine whether the complaint lacks an "arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is "factually" frivolous if it includes allegations that are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  A complaint is based on an "indisputably meritless" legal theory if the claim lacks an arguable basis in law or when a dispositive defense clearly exists on the face of the complaint. *Curry*, 2006 U.S. Dist. LEXIS 74014 at *6-7 (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).  Finally, the court notes that ***in almost every case***, if a pro se pleading is insufficient for any reason, the court must give the pro se plaintiff the opportunity to amend or to submit a more definite

3

statement of his claims. *See Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991).  For the following reasons, however, I find that this complaint is frivolous, fails to meet the standards articulated in Rule 8, but also find that plaintiff should ***not*** be given another chance to replead.

2.   **Complaint**

The complaint in this case names three defendants: George W. Bush, the current President of the United States; George H.W. Bush, Sr., the former President of the United States; and Alberto Gonzales, the United States Attorney General. (Dkt. No. 1).  The complaint is a rambling series of paragraphs in which plaintiff appears to allege, among other things, that he is the owner of various businesses such as the Fox Television Network, the WWE World Wrestling Entertainment, M & T Bank, Soldier of Fortune Magazine, Dick's Sporting Goods, Sprint, Nextel, and MCI. Complaint at p.12.  At one point in the complaint, plaintiff alleges that the former President of the United States interfered with plaintiff's businesses, preventing plaintiff from attempting to prosper. Complaint at p.10.

Plaintiff also refers at various times in his complaint to military justice and alleges that he was approached and asked to become a military judge of the "GENERAL COURTS MARTIAL SESSION" in Houston, Texas. Complaint at p.5. Plaintiff also states that the "jury" discovered a "fourth civil case" that was about the use of plaintiff's military records without permission. Complaint at p.6.  Plaintiff also states in the section of the complaint allegedly covering the current President, that plaintiff's ex-wife sold MCI for $ 34 billion dollars, and that the entire amount should

4

belong to plaintiff. Complaint at p.15.  Plaintiff claims although he is the founder and sole owner of Sprint Telephone, the current President of the United States denied plaintiff access to this company, and plaintiff states that he wrote to defendant George W. Bush telling him that plaintiff did not wish to acquire Nextel, but that defendant Bush did not respond to plaintiff's letter. *Id.*

This court has carefully reviewed this complaint and agrees with defendants that it would be impossible for them to formulate an answer to this complaint because it is impossible to understand and is ***clearly*** based on some "fanciful" claims at best. Although, as stated above, the court would generally allow an amendment or would grant defendant's motion for a more definite statement, the circumstances in this case dictate ***against*** allowing plaintiff to replead.

As defendants point out, Senior District Judge Frederick J. Scullin, Jr. recently dismissed another complaint filed by this plaintiff. *Gialto v. Bush, et al.*, 5:06-CV-434 (N.D.N.Y. Sept. 20, 2006).  In 06-CV-434, plaintiff named not only the current and former Presidents and the Attorney General, but also named William J. Clinton, the Federal Bureau of Investigation (FBI), and two individual FBI agents.  A review of the complaint filed in 06-CV-434 shows that it is very similar to the complaint in this action. (Dkt. No. 1 06-CV-434).  On June 14, 2006, Senior Judge Scullin dismissed the original complaint in 06-CV-434 for various reasons, but allowed plaintiff to file an amended complaint. (Dkt. No. 11).

Plaintiff filed the amended complaint in 06-CV-434 on June 29, 2006. (Dkt. No. 19).  In that amended complaint, plaintiff stated that he was making a "More

Definitive Statement." (Dkt. No. 19 at p.1A).  The amended complaint in 06-CV-434
looks even more similar to the complaint in this action.  The first page of the amended
complaint 06-CV-434 is, in fact, identical to page C of this complaint and is entitled
"More Definitive Statement." *Id.*  Plaintiff refers to the fact that he is the owner of the
businesses cited above, that his ex-wife was given MCI as a gift, and that she sold
MCI for $ 34 billion dollars. Amended Complaint in 06-CV-434 at p.3.  Basically, the
first few pages of this complaint are identical to the amended complaint in 06-CV-434,
but are in different order.

    The page containing claims against George H.W. Bush, Sr. is identical in both
complaints, except the complaint in this action has an additional heading entitled
"Complaint More Defined." *Compare* Complaint at p.10 in 06-CV-1316 *with*
Amended Complaint at p. 11 in 06-CV-434.  Without citing every page, the court
notes that many pages of the amended complaint in 06-CV-434 are identical to the
complaint in this action.  Plaintiff has simply cut down the number of defendants, but
is attempting to make many of the same claims[1] that he made in 06-CV-434.

    On September 20, 2006, Senior Judge Scullin dismissed the amended complaint
in 06-CV-434, stating that "[d]espite the court's thorough review of Plaintiff's
rambling, and, for the most part, incoherent narrative, the Court concludes that his
***amended*** complaint does not set forth claims against the named Defendants over
which this Court has federal question jurisdiction . . . ." (Dkt. No. 21 in 06-CV-434 at

---

[1] Although the court loosely refers to these statements as "claims," actually, plaintiff
simply makes the same rambling statements in both the amended complaint in 06-CV-434 and in
the complaint in this action.

p.3)(emphasis added).  The complaint in this action contains fewer defendants, but is equally incoherent.  Because plaintiff's complaint in this case is almost identical to the amended complaint dismissed in 06-CV-434, this court will not allow plaintiff another chance to file an amended complaint.  He has already had one opportunity to amend a complaint stating almost identical facts, and he has now attempted to re-file the complaint that was essentially dismissed by Senior Judge Scullin with some minor changes.

Thus, I will dismiss this action *sua sponte*, **with prejudice** and **without affording plaintiff the opportunity to re-plead** since he has already been afforded that opportunity in 06-CV-434 and filed almost the same rambling incoherent document.  The court notes that the "liberal rules of pleading in the federal system are not without limits." *Levitch v. Columbia Broadcasting*, 94 F.R.D. 292, 294 (S.D.N.Y. 1982).  In this case, any permission to amend or to file a more definite statement would be futile, and may be denied. *See Selevan v. Chertoff*, 06-CV-616A, 2006 U.S. Dist. LEXIS 72757, *5-6 (W.D.N.Y. Oct. 5, 2006)(although the practice is to allow leave to replead, that leave may be denied where the amendment would be futile). *See also Makas v. Ulster County*, 07-CV-60, 2007 U.S. Dist. LEXIS 9377, *6 n.2 (N.D.N.Y. Feb. 8, 2007) (citing *inter alia Ronzani v. Sanofi, S.A.*, 889 F.2d 195, 198 (2d Cir. 1990)).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's complaint is **DISMISSED WITH PREJUDICE AS FRIVOLOUS**, and it is further

**ORDERED**, that defendants' motion for a more definite statement (Dkt. No. 8) is **DENIED AS MOOT**.

Dated: April 19, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge